JEMIMA HERNDON, ET AL., *v.* KENTUCKY CHRISTIAN EDUCATIONAL SOCIETY OF FRANKFORT.

**Tenants in Common—Rights of Each.**

When land is owned by tenants in common no one owns particular portions thereof, but each owns an undivided interest in all; and a right of action for cutting timber on the land is joint and a partition between the owners does not retroact so as to give a right of action to one against another for cutting timber on the part allotted to him where the cutting took place before partition.

APPEAL FROM FAYETTE CIRCUIT COURT.

April 7, 1876.

OPINION BY JUDGE COFER:

Under the will of Foster, the devisees, except Charles and Sallie Dodd, each owned an undivided interest in the land, which was afterwards partitioned between them. Each had an interest in every part

of the entire tract, and no one had an exclusive right to any part of it.

Mrs. Herndon, therefore, never had any exclusive right to any portion of the land until it was allotted to her in the division; and for the use and occupation of any part of the tract, or for cutting timber from any part of it, the right of action was in the joint owners; and if one of them occupied more than his share, or cut timber from the land, he was answerable to all the other joint owners, if answerable at all. And the subsequent allotment of that portion occupied by the appellee, or its tenants, to Mrs. Herndon, did not retroact so as to give her a right to recover for use and occupation, or for the cutting of timber thereon before she became the exclusive owner of it by the final allotment.

Whether the county court division was void or voidable, Mrs. Herndon never became the exclusive owner of the 17 acres at first allotted to the appellee, but finally allotted to her, until the division made under the orders of the circuit court was confirmed. Her title in severalty dates from that event, and is based on the judgment of the court, and is not derived from the will. The will gave her an undivided interest in the whole, the partition gave her the exclusive title to the land allotted to her, and she had no right to go behind the date of her title to recover for either waste, or use and occupation.

Judgment *affirmed*.

*Breckenridge & Shelby, for appellants.*